EDWIN S. McNEAL *vs.* JOSEPH LEONARD & another.

After a judgment for the defendant in an action of replevin, in which the title to the property was tried, it is too late for the plaintiff, in order to prevent the entry of judgment for a return, to allege and prove facts which were known to him at the trial on the merits, for the purpose of defeating the defendant's title.

REPLEVIN. After judgment was entered for the defendants, at the former hearing of this case, (1 Allen, 399,) they moved in the superior court for judgment for a return of the goods replevied, to which the plaintiff objected, alleging that since the commencement of the action the defendants' title to the property had ceased, and that at the trial Shannon, the mortgagee under whom they claim, testified to certain facts, which were set out by the plaintiff in detail, tending to show fraud and conspiracy between himself and one Emerson, through whom the loan which the mortgage was given to secure was negotiated, in relation to the usury which was exacted of the plaintiff, and the person who was to have the same; and that upon hearing this testimony he tendered to the defendants the sum of $240, which was more than the amount justly due, and the costs of this action; but *Vose*, J. ruled that the evidence was incompetent, and ordered judgment for a return, and the plaintiff alleged exceptions

McNeal *v.* Leonard & another.

*B. Dean*, for the plaintiff.

*W. L. Brown & J. W. Emerson*, for the defendants.

DEWEY, J.   The proposed evidence of the plaintiff, in answer to the motion for a judgment for a return, was properly rejected, the case having been tried upon an issue as to the right of property, and a verdict returned for the defendants.

1. As to the proposed evidence of usury, this ground of defence, if it existed, was known to the plaintiff, and, so far as it constituted an answer to the right of property in the defendants, was open to the plaintiff on the trial of that question before the jury.

2. As to the alleged false representations in reference to the party who was to be benefited by the usurious interest paid, and the fact that the same went to the benefit of Emerson and not Shannon, who he supposed was to be the recipient, if this could have had any bearing on the merits of this case, or affected the result, it was known to the plaintiff at the trial, and in season to enable him to present the same as a ground of defence.

3. It is apparent that the alleged tender was wholly ineffectual as a discharge of the whole debt secured by the mortgage, and was based upon the assumption that a large amount was to be deducted from the principal debt as a penalty for taking usurious interest thereon; all of which was yet to be established.   The defendants deny both the taking of usurious interest, and any false representation as to the person who was to be the recipient.   In his own view, the case of the plaintiff in opposition to the motion of the defendants for a return, depends, 1. Upon proof of the facts alleged; 2. Upon the conclusion that the facts, if shown, would defeat the defendants' title in the property mortgaged.   These are matters, under the circumstances of the present case, not properly open upon a motion for return.   They do not present a case falling within that class of cases where the order for a return is refused, upon the ground of a change in the legal interest of the party since the commencement of the action of replevin, and that what constituted a good title and answer to the action has, from subsequent causes, made it proper that the property be not ordered

23 *

to be restored to the possession of the defendants.   *Martin* v.
*Bayley*, 1 Allen, 381.   *Dawson* v. *Wetherbee*, 2 Allen, 461.

*Exceptions overruled.*